**Gerald MEYER and Phyllis Meyer, Plaintiffs,**

v.

**FORD MOTOR COMPANY, Joe Madden Ford, Inc. and Firststar Naper Bank, Defendants.**

**No. 90 C 2442.**

United States District Court, N.D. Illinois, E.D.

April 30, 1990.

Norman Lehrer, Lehrer, Flaherty & Canavan, Wheaton, Ill., for Gerald Meyer.

### MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiffs, Gerald and Phyllis Meyer, filed this action in the Illinois Circuit Court for the Eighteenth Judicial Circuit, DuPage County, on March 21, 1990. On April 26, 1990, defendant Ford Motor Company (Ford), with the consent of defendants Joe Madden Ford, Inc. and Firststar Naper Bank, filed a Notice for Removal of the action to this court. In its Notice for Removal, Ford alleges:

6. This action is removable from State Court to the District Court of the United States pursuant to 28 U.S.C.A. § 1441(b), because the plaintiffs' action is founded on one or more claims of right arising under the laws of the United States, specifically the Magnuson–Moss Warranty Act.

This court notes *sua sponte* that it lacks subject matter jurisdiction and remands

888

this action to the Circuit Court for the Eighteenth Judicial Circuit, DuPage County.

An action brought in a State court may be removed to the appropriate United States District Court only if it is an action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under the Magnuson–Moss Warranty Act, a consumer may bring a suit:

> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

15 U.S.C. § 2310(d)(1). Paragraph (3) of subsection (d) provides in part:

> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—
>
> .    .    .    .    .
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit....

15 U.S.C. § 2310(d)(3). In the case at bar, exclusive of interest and costs, the most realistic view is that the amount in controversy is $19,561.05. Even if the resulting duplication of damages were ignored and the amounts prayed for in the complaint's four counts were simply added together, the total exclusive of interest and costs would only amount to $49,561.05. Plaintiffs' claims are accordingly not cognizable in a suit brought in this court, and so the action is not removable.

Therefore, because it appears that this court lacks subject matter jurisdiction over this action, this case will be remanded to the state court. 28 U.S.C. § 1447(c).

ORDERED: The case is remanded to the Illinois Circuit Court for the Eighteenth Judicial Circuit, DuPage County.